

**State of New Jersey**

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

MATTHEW J. PLATKIN
*Attorney General*

October 4, 2023

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: No. 23-1900 and No. 23-2043, *Siegel v. Attorney General of New Jersey*; *Koons v. Attorney General of New Jersey*.

Dear Ms. Dodszuweit:

Pursuant to FRAP 28(j), State Defendants advise this Court of *Kipke v. Moore*, No. 23-cv-1293, 2023 WL 4373260 (D. Md. Sept. 29, 2023). That decision denied a preliminary injunction in part, holding Second-Amendment claims against Maryland's sensitive-place restrictions at museums, healthcare facilities, state parks, mass transit, schools, government buildings, stadiums, racetracks, amusement parks, and casinos were unlikely to succeed. The Court found numerous historical statutes demonstrated a historical tradition of firearms regulations at these locations. And it agreed that the understanding of the right to bear arms at "ratification of the Fourteenth Amendment [is] equally if not more probative" than Founding-era evidence. *Id*. at *8. The Court also agreed that the government-as-market-participant doctrine applies: A state "may … exclude firearms on its [mass-transit] property, just as a private entity engaged in transportation services could." *Id*. at *10.

While the *Kipke* Court granted preliminary relief against restrictions on locations that sell alcohol and within 1,000 feet of public demonstrations and the private-property rule, the Court did not address key arguments that the State Defendants advanced here. For example, the Court did not discuss certain historical alcohol-sales



restrictions cited in this appeal, *compare id.* at 11 (no discussion of New Mexico or New Orleans historical laws), *with* Dkt. 43 at 17. And while it acknowledged historical firearms prohibitions at public assemblies, its injunction rested solely on colonial-era compelled-carry laws. *Id.* at *16. But it failed to realize that those laws—motivated by a collective militia-readiness rationale—match neither the "how" nor "why" of sensitive-place restrictions, *see* Dkt. 108 at 25, n.5, and reliance on them contradicts the Court's own holding that Reconstruction-era evidence is most probative. Finally, in enjoining the private-property rule, the Court first conflated the argument that the Second Amendment's text does not cover individuals' right to enter others' private property with a firearm with *standing* arguments. *See* 2023 WL 6381503, at *13, n.9. And it made the same errors as the court below in discounting historical evidence of 18th-and 19th-Century restrictions identical to the modern ones challenged. *Id.*; *compare* Dkt. 43 at 40-44; Dkt. 108 at 54-65.

        Respectfully yours,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

    By:  /s/ Angela Cai
        Angela Cai
        Deputy Solicitor General

Word Count: 348

CC: All counsel via ECF