Clement & Murphy
PLLC

October 18, 2023

**Via CM/ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    *Siegel v. Attorney General of New Jersey*; *Koons v. Attorney General of New Jersey* (Nos. 23-1900, 23-2043)

Dear Ms. Dodszuweit:

      The *Siegel* plaintiffs submit this response to the state's letter regarding *Kipke v. Moore*, 2023 WL 6381503 (D. Md. Sept. 29, 2023).[1] As the state recognizes, *Kipke* rejected many of the sensitive-place arguments New Jersey has invoked here. *Kipke* found 18th-century "anti-poaching laws" and racist Reconstruction-era laws "clearly" insufficient to sustain a state-imposed prohibition on carrying firearms on private property without express consent. *Id.* at *13-*14. *Kipke* found it "clear" that the historical record does not support efforts to prohibit firearms near "public demonstrations." *Id.* at *15-*16. And *Kipke* found it equally "clear" that efforts to prohibit firearms at "locations selling alcohol" are "not consistent with historical regulations." *Id.* at *11. While the state claims that *Kipke* "did not address" certain of its arguments, State.28(j).Ltr.1, plaintiffs have already thoroughly debunked them all, *see Siegel*.Opening.Br.32-45, 51-52.

      The state directs the Court's attention to *Kipke*'s conclusions that prohibiting firearms in "museums, healthcare facilities, state parks, mass transit, schools, government buildings, stadiums, racetracks, amusement parks, and casinos" is likely constitutional. State.28(j).Ltr.1. But neither *Kipke*'s reasoning nor the state's analysis of it inspires confidence. Although the state emphasizes that *Kipke* reached these conclusions on the theory that late-19th-century historical sources are "equally if not more probative" than Founding-era sources, State.28(j).Ltr.1, it never mentions that *Kipke* refused to follow a

---

[1] The state's citation to *Kipke* is incorrect.

Ms. Patricia S. Dodszuweit
Clerk of Court
October 18, 2023
Page 2 of 2

Fourth Circuit decision holding the opposite,[2] 2023 WL 6381503, at *6. *Kipke* approved firearms prohibitions at museums, healthcare facilities, and mass-transit facilities only by equating them to "schools," *id.* at *7-*8, *10—just the sort of too-broad reasoning *Bruen* foreclosed. *Kipke* endorsed a firearms prohibition at parks even though it acknowledged that Maryland "failed to show that parks are sensitive places." *Id.* at *9. And while the state insists that *Kipke* embraced its government-as-proprietor theory, *see* State.28(j).Ltr.1, *Kipke* in fact expressly *declined* to do so, *see* 2023 WL 6381503, at *9-*10.

        Respectfully submitted,

        /s/ Erin E. Murphy
        Erin E. Murphy
        CLEMENT & MURPHY PLLC
        706 Duke Street
        Alexandria, VA 22314
        (202) 742-8901
        erin.murphy@clementmurphy.com

        Counsel for *Siegel* Plaintiffs-Appellees/Cross-Appellants

cc:    All counsel of record (*via CM/ECF*)

---

[2] The Fourth Circuit later vacated that decision, but only because of mootness. *See Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 5 F.4th 407, 418-21 (4th Cir.), *vacated as moot*, 14 F.4th 322 (4th Cir. 2021).