# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| David. H. Thompson<br>(202) 220-9659<br>dthompson@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9600<br>Fax (202) 220-9601 |

October 18, 2023

VIA CM/ECF

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: **_Koons v. Attorney General of New Jersey_, No. 23-1900**

Dear Ms. Dodszuweit:

Pursuant to Rule 28(j), I write in response to the State's letter regarding an out-of-circuit district-court decision in *Kipke v. Moore*, No. 23-cv-1293, 2023 WL 6381503 (D. Md. Sept. 29, 2023).[1] As the State acknowledges, that court preliminarily enjoined several Maryland firearm restrictions that either are directly analogous to the restrictions challenged by the *Koons* Plaintiffs, *see id*. **11–14 (restrictions at locations serving alcohol and Anti-Carry Default), or have similar flaws, *see id*. **15–16. The court also rejected any government-proprietorship exception to *Bruen*'s "required historical analysis." *Id*. at *9.

The State's efforts to distinguish these holdings fail for the reasons in Plaintiffs' briefs and on their own terms. Indeed, Maryland had cited the same territorial and municipal regulations highlighted in the State's letter. *See Kipke*, Doc. 21-1 at 27 (Defs.' Mem. in Supp. of MSJ), Doc. 21-3 ¶¶ 42–43 nn.65–66 (Cornell Decl.). But, as the State notes, the *Kipke* court did not discuss them—because they are not relevant. *See Kipke*, 2023 WL 6381503, at *8 n.6 (noting that territories are "outlier jurisdictions" under *Bruen*).

The State prefers the parts of *Kipke* that declined to enjoin other Maryland restrictions, which predominantly apply to locations not at issue in the *Koons* appeal. As relevant, these holdings are flawed for the reasons in Plaintiffs' briefs. Among other errors, the court relied on purported analogues from the late-19th century (and later) to support certain restrictions despite recognizing elsewhere that such late-in-time laws cannot support any modern firearm restrictions.

---

[1] The State mistakenly provides the Westlaw citation to a decision in *Maryland Shall Issue, Inc. v. Montgomery County*, --- F. Supp. 3d ----, 2023 WL 4373260 (D. Md. July 6, 2023), which is now on appeal.

1

The court further relied on the State's public-safety claims despite recognizing that such claims cannot justify firearm restrictions under *Bruen*, either. *See id*. at *17.

Needless to say, none of the *Kipke* holdings are binding here. They are relevant only insofar as they show that no firearm restriction challenged by the *Koons* Plaintiffs can withstand scrutiny under the *Bruen* standard when correctly applied.

Respectfully submitted,

<u>s/David H. Thompson</u>
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellees Ronald Koons, Nicholas Gaudio, Jeffrey M. Muller, Gil Tal, Second Amendment Foundation, Firearms Policy Coalition, Inc., Coalition of New Jersey Firearm Owners, and New Jersey Second Amendment Society*

cc: All counsel of record via CM/ECF