

# State of New Jersey

**PHILIP D. MURPHY**
*Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

**MATTHEW J. PLATKIN**
*Attorney General*

**TAHESHA L. WAY**
*Lt. Governor*

December 12, 2023

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1900, *Siegel v. Attorney General of New Jersey* and No. 23-2043, *Koons v. Attorney General of New Jersey*.

Dear Ms. Dodszuweit:

      In *Antonyuk v. Chiumento*, No. 22-2908, 2023 WL 8518003 (2d Cir. Dec. 8, 2023), the Second Circuit vacated a preliminary injunction against many of New York's sensitive-places provisions, including ones restricting carry at medical treatment centers; parks and zoos; premises licensed for alcohol consumption; and enumerated entertainment facilities. The Second Circuit found that an American historical tradition supported each modern provision. Affirming the injunction below as to the very same sensitive places in New Jersey would thus conflict with that decision.

      Beyond the specific places involved, the Second Circuit provided numerous methodological insights regarding *Bruen*'s test. *Id.* at *12-16. Among other points, the panel cautioned against putting too much stock in the lack of "positive legislation from a particular place," which it correctly noted may well reflect "a lack of political demand rather than constitutional limitations." *Id.* at *13; *see also id.* (noting that "evidence that some jurisdictions actually attempted to enact analogous regulations that were rejected on constitutional grounds" is more probative, and a lack of such constitutional disputes suggests a restriction's permissibility was "settled"). The panel added that analogous



historical statutes can support a law's validity even if they do not "exist in significant numbers," so long as they do not contradict the overwhelming weight of other evidence. *Id.* at *14. And, the panel held, if state law is involved, the focal point is "the understanding that prevailed when the States adopted the Fourteenth Amendment," but the 1791 understanding can be relevant, too. *Id.* at *16.

Finally, in enjoining the private-property rule as applied to private property open to the public, the Second Circuit committed two errors. *Id.* at *82-84. First, its conclusion that the Second Amendment covers the regulated conduct overlooks that it is the property owner, not the statute, who determines whether carry is permissible. Second, the notion that historical statutes covered only "enclosed private lands, i.e., private land closed to the public" is unsupported by history. *See* N.J.Resp.Br.55-63 (collecting evidence that "inclosed" refers to privately-held land and "premises" includes retail establishments). This Court may reach a different result, especially on a different record.

        Respectfully yours,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

    By: /s/ Angela Cai
      Angela Cai
      Deputy Solicitor General

Word Count: 348

CC: All counsel via ECF