

Cullen and Dykman LLP
Continental Plaza
433 Hackensack Avenue
Hackensack, NJ 07601
T: 201.488.1300
F: 201.488.6541

LEON J. SOKOL
PARTNER
lsokol@cullenllp.com

December 15, 2023

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re: Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1900, *Siegel v. Attorney General of New Jersey* and No. 23-2043, *Koons v. Attorney General of New Jersey*.**

Dear Ms. Dodszuweit:

This office (together with the firm of Kologi Simitz) represent Defendants-Intervenors-Appellees Senate President Nicholas P. Scutari and New Jersey General Assembly Speaker Craig J. Coughlin. Pursuant to FRAP 28(j), we submit this letter calling to the Court's attention the decision of the Second Circuit Court of Appeals *Antonyuk v. Chiumento*, 2023 WL 8518003 (2d Cir. December 8, 2023). By that decision, the Second Circuit vacated a preliminary injunction against many of New York's sensitive-places provisions.

We are aware that Appellants recently have filed a FRAP 28(j) letter in connection with the *Antonyuk* decision (Document 127), and we join Appellants as to the reasons for citing the Second Circuit's decision to this Court. To the Appellants' reasons, we add the following additional reason.

We direct the Court's attention to the Second Circuit's broad holding in *Antonyuk* that, "the State has made a robust showing of a well-established and representative tradition of regulating firearms in public forums and **quintessentially crowded places**, enduring from medieval England to Reconstruction America and beyond." *Antonyuk*, 2023 WL 8518003, *59 (emphasis added). Later in its decision, the Second Circuit concluded:

Patricia S. Dodszuweit, Clerk of Court.
December 15, 2023
Page 2

> The upshot of the State's wealth of evidence is a well-established, representative, and longstanding tradition of regulating firearms in places **that serve as public forums and, as a result, tend to be crowded.** This tradition comes down to us from medieval England; it was enshrined in the law books of the largest (Virginia) and third largest (North Carolina) Founding-era states, and built on throughout and beyond Reconstruction. With the rise of urban America, cities continued this tradition and began regulating firearms in a newly emerging public forum: the urban park. [*Id*. at *62 (emphasis added)]

The Second Circuit's broad holding -- that crowded public places are constitutionally permissible sensitive places -- is highly instructive to the resolution of certain identical legal issues that are presently before this Court.

As this Court is well aware, New Jersey is the most densely populated state in the nation. Many of the locations that are at issue on this appeal are public places that characterized by high population density.

We appreciate the Court's consideration.

Respectfully submitted,

Cullen and Dykman LLP

By: */s/ Leon J. Sokol*
    Leon J. Sokol

Kologi ◆ Simitz,
Counsellors at Law

By: */s/ Edward J. Kologi*
    Edward J. Kologi

Attorneys for Intervenors-Defendants-Appellees Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin

Patricia S. Dodszuweit, Clerk of Court.
December 15, 2023
 Page 3

Word Count: 348

cc: All counsel via ECF

FOUNDED 1850

NEW YORK    NEW JERSEY    WASHINGTON DC