Clement & Murphy
PLLC

December 21, 2023

**Via CM/ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re:   *Siegel v. Attorney General of New Jersey*; *Koons v. Attorney General of New Jersey* (Nos. 23-1900, 23-2043)

Dear Ms. Dodszuweit:

The *Siegel* plaintiffs submit this response to the letters from New Jersey's Attorney General and the intervenors (collectively, the state) regarding *Antonyuk v. Chiumento*, 2023 WL 8518003 (2d Cir. Dec. 8, 2023), which concerned the constitutionality of certain permitting and sensitive-place provisions in New York's post-*Bruen* firearms law. As the state's emphasis on *Antonyuk*'s sensitive-place discussion suggests, the permitting provisions addressed in *Antonyuk* are different from those at issue here, which remain unconstitutional. Furthermore, as the state recognizes, *Antonyuk* rejected New York's effort to "turn much of the state … into a default no-carriage zone" through its ahistorical private-property rule. *Id.* at *82. New Jersey's materially identical private-property rule is equally unconstitutional, and the state's unpersuasive prior briefing does not demonstrate otherwise. *See* AG.28(j).Ltr.2.

The state stresses that *Antonyuk* upheld provisions prohibiting firearms at "medical treatment centers; parks and zoos; premises licensed for alcohol consumption; and enumerated entertainment facilities." AG.28(j).Ltr.1. But *Antonyuk*'s analysis of those places is irreconcilable with *Bruen*. Among other problems, as the intervenors highlight, *Antonyuk* sustained most of those provisions in whole or in part after purporting to discover a historical tradition of banning firearms in "crowded areas," 2023 WL 8518003, at *59; *id.* at *60, *62, *64, *65, *69, *75—without acknowledging *Bruen*'s admonition that "there is no historical basis" to declare a place sensitive "simply because it is crowded," 597 U.S. 1, 31 (2022). *Antonyuk* also read *Bruen* as recognizing a "tradition of regulating firearms in spaces frequented by children," 2023 WL 8518003, at *65—even though *Bruen* says nothing about such a tradition and warned against defining sensitive places "too broadly," 597 U.S. at 31. And *Antonyuk* repeatedly relied on sources that *Bruen* repudiated,

Ms. Patricia S. Dodszuweit
Clerk of Court
December 21, 2023
Page 2 of 2

*see, e.g.*, 2023 WL 8518003, at \*60, while privileging meager late-19th-century (often territorial) evidence over conflicting evidence from the Founding era and early Republic (such as the conspicuous absence of early laws prohibiting firearms at places serving alcohol)—just as *Bruen* says not to do, *compare id.* at \*66-\*69, *with Bruen*, 597 U.S. at 26, 36-37.  Simply put, embracing such "methodological insights," AG.28(j).Ltr.1, would be a recipe for reversal.

Respectfully submitted,

/s/ Erin E. Murphy
Erin E. Murphy
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8901
erin.murphy@clementmurphy.com

Counsel for *Siegel* Plaintiffs-
Appellees/Cross-Appellants

cc:      All counsel of record (*via CM/ECF*)