# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company

David H. Thompson  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

December 22, 2023

**VIA CM/ECF**
U.S. Court of Appeals for the Third Circuit
Attn: Patricia S. Dodszuweit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

   **RE:** *Siegel v. Att'y Gen. of N.J.*, No. 23-1900; *Koons v. Att'y Gen. of N.J.*, No. 23-2043

Dear Ms. Dodszuweit:

  We respectfully submit the following response to the State's notice of supplemental authority regarding *Antonyuk v. Chiumento*, No. 22-2908, 2023 WL 8518003 (2d Cir. Dec. 8, 2023). *See* Doc. 127. The State argues in its letter that "the Second Circuit provided numerous methodological insights regarding *Bruen*'s test," *see id.*, but the "insights" it identifies are deeply flawed misapplications of *Bruen* that this Court should not follow.

  First, the State approves of the Second Circuit's statement that a lack of historical regulation may reflect 'a lack of political demand rather than constitutional limitations," suggesting that a court may nevertheless find, based on "historical silence" that a modern law is consistent with the Second Amendment. *Antonyuk*, 2023 WL 8518003, at \*13. *Bruen* could hardly have been clearer that it is the State's "burden to identify an American tradition justifying" the modern restrictions. *NYSRPA v. Bruen*, 597 U.S. 1, 38–39 (2022). If no such analogues exist (or the State fails to identify them), then the Second Amendment presumptively protects the right to bear arms in public and the modern regulation is unconstitutional. *Id.* at 17; *see* Doc. 103 at 19.

  Second, the State emphasizes that the Second Circuit treated "the understanding [of the Second Amendment] that prevailed when the States adopted the Fourteenth Amendment," as the touchstone for interpreting the scope of the right. *Antonyuk*, 2023 WL 8518003, at \*16. *Bruen* acknowledged "an ongoing scholarly debate" on the issue but reiterated that the Supreme Court has in practice treated the meaning of the Bill of Rights as "pegged to the public understanding of the right … in 1791." *Bruen*, 597 U.S. at 37. This Court is bound to follow that practice. *See* Doc. 103 at 20–21.

  Third, the State takes issue with the Second Circuit's decision to enjoin the presumptive ban on possession of firearms on private property, *see Antonyuk*, 2023 WL 8518003, at \*80–85,

# Cooper & Kirk
### Lawyers

Patricia S. Dodszuweit
December 22, 2023
Page 2 of 2

but that decision, joining many others that have before and since struck down such restrictions, was well-reasoned and supports affirmance of the district court's decision.

                Sincerely,

                *s/ David H. Thompson*
                David H. Thompson
                Counsel for *Koons* Plaintiffs

cc: All counsel of record (*via CM/ECF*)