

Cullen and Dykman LLP
Continental Plaza
433 Hackensack Avenue
Hackensack, NJ 07601
T: 201.488.1300
F: 201.488.6541

LEON J. SOKOL
PARTNER
lsokol@cullenllp.com

January 12, 2024

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re:   Letter pursuant to Fed. R. App. P. 28(j) responding to the Siegel Plaintiffs' submission in No. 23-1900,** *Siegel v. Attorney General of New Jersey* **and No. 23-2043,** *Koons v. Attorney General of New Jersey***.**

Dear Ms. Dodszuweit:

Pursuant to FRAP 28(j), we submit this letter responding to the Siegel Plaintiffs' submission dated January 9, 2024 (Document 131) that calls to this Court's attention the Ninth Circuit's disposition dated January 6, 2024 of a prior preliminary injunction issued by the district court in *May v. Bonta*, 2023 WL 8946212 (C.D. Cal. Dec. 20, 2023).

In their letter to this Court, the Siegel Plaintiffs state:

> After the district court issued its decision in May, California sought an emergency stay pending appeal from the Ninth Circuit. Although a motions panel granted an administrative stay as the merits panel considered that request, the merits panel ultimately denied it. *See May v. Bonta*, No. 23-4356 (9th Cir.), Dkt.20.1 [Document 131, at 2]

The Siegel Plaintiffs' characterization of the Ninth Circuit's January 6, 2024 disposition of the district court's preliminary injunction requires clarification. By order dated January 6, a panel of the Ninth Circuit dissolved a prior administrative stay (that had been granted by a different panel) but – at the same time – stated that "the emergency motion… for a stay

Patricia S. Dodszuweit, Clerk of Court.
January 12, 2024
Page 2

pending appeal and for an interim administrative stay… **have been referred to the merits panel**…" *See May v. Bonta*, No. 23-4356 (9th Cir.), Dkt.20.1 (January 6, 2024). Furthermore, a separate motion for an interim administrative stay was "denied **pending further order of the court**." *Ibid*.

Thus, although the Siegel Plaintiffs are bringing to this Court's attention the Ninth Circuit's disposition of a motion for a stay and suggesting that the Ninth Circuit's disposition is highly favorable to the Plaintiffs, a careful reading of the Ninth Circuit's actual order instead suggests that the issue of a stay in *May v. Bonta* has not yet been settled by the Ninth Circuit. Thus, contrary to the Siegel Plaintiffs' contention, the Ninth Circuit's mere emergent interim disposition pending further order of that Court is of little, if any, significance to this Court's consideration of the pending appeal in this matter.

We appreciate the Court's consideration.

Respectfully submitted,

Cullen and Dykman LLP

By: */s/ Leon J. Sokol*
    Leon J. Sokol

Kologi ◆ Simitz,
Counsellors at Law

By: */s/ Edward J. Kologi*
    Edward J. Kologi

Attorneys for Intervenors-Defendants-Appellees Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin

cc: All counsel via ECF