

# State of New Jersey

**PHILIP D. MURPHY**
*Governor*

**TAHESHA L. WAY**
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

**MATTHEW J. PLATKIN**
*Attorney General*

January 17, 2024

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1900, *Siegel v. Attorney General of New Jersey* and No. 23-2043, *Koons v. Attorney General of New Jersey*.

Dear Ms. Dodszuweit:

      This letter responds to *Siegel* Plaintiffs' letter regarding *May v. Bonta*, Nos. 23-cv-1696/23-cv-1798, 2023 WL 8946212 (C.D. Cal. Dec. 20, 2023), *appeal pending*, Nos. 23-4354/23-4356 (9th Cir.). The State's prior submissions in this case address the same errors as in *May*. *See* Dkts. 43, 108.

      To highlight an illustrative example, the *May* court's invalidation of California's public-carry restriction at playgrounds and youth centers dons a "regulatory straightjacket" on the state by requiring a "historical twin"—an approach that the Supreme Court has rejected. *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 30 (2022). Although the *May* court acknowledged there is historical evidence supporting "the 'settled' notion that states may ban firearms in schools," it nonetheless refused to accept that evidence as relevantly similar to California's law regarding playgrounds and youth centers, despite the shared rationale of protecting vulnerable children. *May*, 2023 WL 8946212 at *11. The court relied on arguments that historical legislatures and courts already rejected in upholding the historical analogues, *see, e.g.*, *Owens v. State*, 3 Tex.App. 404, 407 (1878) (holding "dread of an immediate



pressing attack" is "no excuse" to bring firearms into a sensitive place); *Andrews v. State*, 50 Tenn. 165, 181 (1871). The court also mistakenly believed that historical statutes regarding schools "applied only to students," 2023 WL 8946212 at *11, but numerous historical restrictions prohibited *anyone* from carrying firearms in schoolrooms or educational gatherings, *see* JA1252-53, 1272, 1287-89, 1350-51, 1366, 1505-07, 1515-16, 2090-2102; see also *Alexander v. State*, 11 S.W. 628 (Tex. 1889).

Similar errors abound. For instance, the court concluded that historical prohibitions at public assemblies and places of entertainment were "not sufficient," *see id.* at *11, 13, but only cited four statutes and ignored historical laws from eight other jurisdictions that prohibited firearms at "social gatherings" and "public assemblies," *see, e.g.*, JA1313-16, 1366, 1505-16, 1591-92, 1712-14, 2090-2102. And it dismissed historical twins on the basis that not all jurisdictions enacted identical laws, *see, e.g.*, *May*, 2023 WL 8946212 at *12, without identifying any historical "disputes regarding the lawfulness of such prohibitions," *Bruen*, 597 U.S. at 30.

        Respectfully yours,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

    By:  /s/ Angela Cai
      Angela Cai
      Deputy Solicitor General

Word Count: 349

CC: All counsel via ECF