

Cullen and Dykman LLP
Continental Plaza
433 Hackensack Avenue
Hackensack, NJ 07601
T: 201.488.1300
F: 201.488.6541

LEON J. SOKOL
PARTNER
lsokol@cullenllp.com

January 30, 2024

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re: Letter pursuant to Fed. R. App. P. 28(j) responding to the Siegel Plaintiffs' submission in No. 23-1900, *Siegel v. Attorney General of New Jersey* and No. 23-2043, *Koons v. Attorney General of New Jersey*.**

Dear Ms. Dodszuweit:

Pursuant to FRAP 28(j), we submit this letter responding to the Siegel Plaintiffs' submission dated January 23, 2024 (Document 134) that calls to this Court's attention the January 18 decision by another panel of this court in *Lara v. Commissioner Pennsylvania State Police*, 2024 WL 189453 (3d Cir. 2024).

At issue in *Lara* was whether Pennsylvania could prohibit 18-to-20-year-olds from publicly carrying firearms. Obviously, the subject matter of the *Lara* decision is entirely distinct from the subject matter of the appeal pending before this Court – which instead concerns the constitutional permissibility of the New Jersey Legislature's designation of sensitive places and certain other related matters.

Against this backdrop, the Siegel Plaintiffs appear to bring *Lara* to this Court's attention entirely for the proposition that *Bruen*'s historical inquiry is limited to Founding-era laws and that the *Bruen* historical inquiry properly should not extend to Reconstruction-era laws. However, this is a misreading of *Bruen* – as Appellants have cogently argued. *See* Appellants' Response Br., at 18-22. In any event, to the extent that *Lara* supports the foregoing proposition regarding the narrow scope of *Bruen*'s historical inquiry, it is

Patricia S. Dodszuweit, Clerk of Court.
January 30, 2024
Page 2

inconsistent with the *en banc* decision of this Circuit in *Range v. Attorney General*, 69 F.4th 96, 104 (3d. Cir. 2023). In *Range*, the *en banc* court underscored "the *Bruen* Court's emphasis on Founding- and *Reconstruction-era* sources." (emphasis added). The Court further noted that a 1961 statute was too far afield for purposes of an historical inquiry under *Bruen* – thereby implicitly confirming that a law from the Reconstruction era would be a proper subject of the *Bruen* historical inquiry. *Ibid*. *See also id*. at 112 (stating that "Founding-era regulations remain instructive unless contradicted by something specific in the Reconstruction-era.") (Ambro, C.J., concurring, joined by Greeway, C.J., and Montgomery-Reeves, C.J.); *id.* at 108 ("*Bruen* defines relevant history for these purposes as the period between approximately 1791 and 1868") (Porter, C.J., concurring).

It is a settled principle of this circuit that an *en banc* decision takes precedence over a panel decision. *Joyce v. Maersk Line Ltd.*, 676 F.3d 502, 508 (3d Cir, 2017) (citing Third Circuit I.O.P. 9.1). Therefore, the Siegel Plaintiffs' reliance on *Lara* is misplaced.

We appreciate the Court's consideration.

Respectfully submitted,

Cullen and Dykman LLP

By:*/s/ Leon J. Sokol*
     Leon J. Sokol

Kologi ◆ Simitz,
Counsellors at Law

By:*/s/ Edward J. Kologi*
     Edward J. Kologi

Attorneys for Intervenors-Defendants-Appellees Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin

Patricia S. Dodszuweit, Clerk of Court.
January 30, 2024
Page 3

cc: All counsel via ECF