

### State of New Jersey

|  |  |  |
|---|---|---|
| **PHILIP D. MURPHY**<br>*Governor*<br><br>**TAHESHA L. WAY**<br>*Lt. Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>PO BOX 080<br>TRENTON, NJ  08625-0080 | **MATTHEW J. PLATKIN**<br>*Attorney General* |

February 5, 2024

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

    Re:    Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1900, *Siegel v. Attorney General of New Jersey* and No. 23-2043, *Koons v. Attorney General of New Jersey*.

Dear Ms. Dodszuweit:

    *Lara v. Commissioner*, 2024 WL 189453 (3d. Cir. 2024)[1]—which dealt with a different statute and a different historical record—has no bearing on this case. The parties do not dispute that the questions are different: nothing in this case turns on the scope of the term "the People" in the Second Amendment. *See* Dkt. 134 at 1. The *Siegel* Appellees instead argue that *Lara* is important to the resolution of this case because of its treatment of Reconstruction-era evidence. But *Lara* decided only whether to use Founding- or Reconstruction-era evidence when the court has to "pick between the two timeframes"—when "there is daylight between how each generation understood a particular right." 2024 WL 189453 at * 8, n.14. Because that panel believed there was evidence that the Founding generation saw 18-year-olds as having the right to bear arms, it resolved the perceived conflict in favor of Founding-era evidence. *Id.* at *9 (citing Founding-era militia requirement for 18-to-20-year-olds).

---

[1] A petition for rehearing en banc is anticipated, *see* No. 21-1832.



HUGHES JUSTICE COMPLEX · TELEPHONE: (609)376-2791 FAX: (609)292-3508
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

But *Lara* is inapposite where there is no conflict between Founding- and Reconstruction-era evidence, and thus where the Court can continue to look at the entire history in assessing the validity of restrictions on firearms in sensitive places. *See* Dkt. 43 at 13-26 (record evidence of prohibitions on firearms in sensitive places dating from before the Founding, in the antebellum era, and through the Reconstruction period); Dkt. 108 at 26-42 (same). Indeed, had *Lara* intended to foreclose the use of Reconstruction-era evidence absent direct conflict, it would have said so, and noted its split with the Second Circuit. *See Antonyuk v. Chiumento*, 89 F.4th 271, 339, 361, 375-76 (2d Cir. 2023). And although the *Siegel* Appellees argue there were *more* sensitive-place laws at Reconstruction than the Founding, that is not a conflict: the lack of "positive legislation from a particular place" and particular time may reflect only "a lack of political demand rather than constitutional limitations." *Id.* at 301-02. That does not show either generation saw sensitive-place restrictions as unlawful; instead, the national tradition is consistently to the contrary.

        Respectfully yours,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Angela Cai
      Angela Cai
      Deputy Solicitor General

Word Count: 350

CC: All counsel via ECF