

**State of New Jersey**

| | OFFICE OF THE ATTORNEY GENERAL | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL<br>PO BOX 080 | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | TRENTON, NJ 08625 | JEREMY M. FEIGENBAUM<br>*Solicitor General* |

June 26, 2024

**VIA ECF**

Patricia S. Dodszuweit
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

  Re: FRAP 28(j) Ltr, No. 23-1900 and No. 23-2043, *Siegel v. Attorney General of New Jersey*; *Koons v. Attorney General of New Jersey.*

Dear Ms. Dodszuweit:

  The Attorney General advises the Court of *United States v. Rahimi*, 602 U.S. ___, 2024 WL 3074728 (U.S. June 21, 2024), and would welcome the opportunity to offer supplemental briefing.

  In rejecting a challenge to 18 U.S.C. § 922(g)(8), *Rahimi* clarified that the core question at the second step of *NYSRPA v. Bruen*, 597 U.S. 1 (2022), is whether a "challenged regulation is consistent with the *principles* that underpin our regulatory tradition," not whether it has a perfect historical match. *Id.* at *6 (emphasis added); *see id.* (modern laws "must comport with the principles underlying the Second Amendment," but "need not be a 'dead ringer'"); *id.* at *30 (Barrett, J., concurring) ("Historical regulations reveal a principle, not a mold."); *id.* at *19 (Kavanaugh, J., concurring) (court must discern "principles embodied" in constitutional text). That inquiry is "not meant to suggest a law trapped in amber," and "permits more than just those regulations identical to ones that could be found in 1791." *Id.* at *6 (majority); *id.* at *30 (Barrett, J., concurring) ("[C]hallenged regulation[s] need not be an updated model of a historical counterpart."). These holdings were essential to *Rahimi*'s



conclusion. *See id.* at \*7-9 (majority) (historical surety and going-armed laws are "by no means identical" to Section 922(g)(8), but establish principle that government can "disarm[] … individuals who pose a credible threat to the physical safety of others"); *compare id.* at \*41-44 (Thomas, J., dissenting) (no historical law had analogous burden and analogous justification, and outlining significant differences).

That is dispositive. This historical record supports principles that more-than-adequately encapsulate the State's sensitive-places provisions, private-property rule, insurance mandate, permitting fees, and background-check requirements. *See, e.g.*, ECF 43 at 8-11; *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023). By contrast, the challengers here demand historical analogues identical to the modern regulations. *See, e.g.*, ECF 48 at 35 (arguing that "reasoning by analogy is available only for 'new' places," not "places [that] existed or had clear parallels at the Founding"); ECF 32 at 22 (same). That "misunderst[ands] the methodology of [the Court's] recent Second Amendment cases." *Rahimi*, 2024 WL 3074728, at \*6.

                Respectfully submitted,

                MATTHEW J. PLATKIN
                ATTORNEY GENERAL OF NEW JERSEY

                By: /s/ Angela Cai
                Deputy Solicitor General

cc: All counsel (via ECF)

Word Count: 350