# Cooper & Kirk

### Lawyers
#### A Professional Limited Liability Company

David. H. Thompson                    1523 New Hampshire Avenue, N.W.                    (202) 220-9600
(202) 220-9659                              Washington, D.C.  20036                            Fax (202) 220-9601
dthompson@cooperkirk.com

June 27, 2024

<u>VIA CM/ECF</u>

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790


Re: **<u>FRAP 28(j) Response, <em>Koons v. Attorney General of New Jersey</em>, No. 23-1900</u>**


Dear Ms. Dodszuweit:

I write in response to the Attorney's General's letter regarding *United States v. Rahimi*, 602 U.S. ___, 2024 WL 3074728 (U.S. June 21, 2024). According to the Attorney General, *Rahimi* instructs courts to look to "the *principles* that underpin our regulatory tradition," which are "dispositive" in this case because the "historical record supports principles that more-than-adequately encapsulate the State's sensitive-places provisions [and] private property rule." Letter, Doc. 138 at 1–2.

Plaintiffs agree that the principles underlying our regulatory tradition are dispositive, but they dispositively favor Plaintiffs. *See* Koons Br., Doc. 103 at 11–13. Indeed, *Rahimi* undermines the argument that the Second Amendment permits New Jersey to bar carry either presumptively or absolutely in essentially every public location in the State outside of streets and sidewalks. *Rahimi* narrowly held that "an individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." 2024 WL 3074728, at *11. It based this holding on historical surety and affray regulations, the latter of which is particularly pertinent here. As *Rahimi* explained, that tradition of regulation prohibited individuals from "going armed" to "terrify the good people of the land." *Id*. at *9 (cleaned up). Accordingly, as a leading case cited by *Rahimi* emphasized, under this tradition "the carrying of a gun *per se* constitutes no offence. … It is the wicked purpose—and the mischievous result—which essentially constitute the crime." *State v. Huntly*, 25 N.C. 418, 422–23 (1843). *See* Koons Br. at 32; Doc. 126 at 113–14.

New Jersey, by contrast, makes the carrying of a gun *per se* a crime in public places throughout the State. This is diametrically opposed to the principles underlying this Nation's true historical tradition. In places that are crowded, that contain vulnerable people, and that host important constitutional activities, to the extent the government itself is not providing

comprehensive security, history demonstrates that the solution is to ensure law-abiding individuals in those places are *armed*, not disarmed. *See* Koons Br. at 22–27.

Respectfully submitted,

s/David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellees Ronald Koons, Nicholas Gaudio, Jeffrey M. Muller, Gil Tal, Second Amendment Foundation, Firearms Policy Coalition, Inc., Coalition of New Jersey Firearm Owners, and New Jersey Second Amendment Society*

cc: All counsel of record via CM/ECF