**Clement & Murphy**
PLLC

July 1, 2024

**Via CM/ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

>  Re: ***Siegel v. Attorney General of New Jersey***; ***Koons v. Attorney General of New Jersey*** **(Nos. 23-1900, 23-2043)**
> 28(j) Response to Letter Regarding *United States v. Rahimi*, No. 22-915 (U.S. June 21, 2024)

Dear Ms. Dodszuweit:

*Siegel* plaintiffs hereby respond to the state's letter regarding *Rahimi*, which reinforces that the challenged provisions of Chapter 131 are unconstitutional. *Rahimi* "conclude[d] only this: An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." Op.6-7, 17. *Rahimi* emphasized: "Unlike the regulation struck down in *Bruen*," the law at issue "d[id] not broadly restrict arms use by the public generally." Op.14. The state does not and cannot argue that this narrow holding supports the challenged provisions. The entire point of those provisions is to *broadly* and *permanently* restrict the Second Amendment rights of *law-abiding citizens*.

Undeterred, the state declares *Rahimi* "dispositive" because it observed that firearms regulations are permissible if they are "consistent with the *principles* that underpin our regulatory tradition," and (says the state) the "historical record supports principles" that justify the challenged provisions. AG.Ltr.1. But *Rahimi* simply reiterated what *Bruen* already "explained": Only new laws that are "relevantly similar" to historical laws in "[w]hy" and "how" they burden Second Amendment activity are constitutional. Op.7. *Rahimi* underscores that the state has misapplied that methodology. While *Rahimi* found that "surety" laws and laws inspired by the Statute of Northampton establish a limited principle that supports a modern "prohibition on the possession of firearms by those found by a court to present a threat to others," it expressly reiterated that those laws are *not* analogous to laws that burden the rights of the law-abiding. Op.13-14. Yet the state reads those same laws as establishing a broad principle allowing it to require *everyone* seeking a

Ms. Patricia S. Dodszuweit
Clerk of Court
July 1, 2024
Page 2 of 2

handgun-carry permit to, *e.g.*, obtain liability-insurance coverage, and to ban handguns anywhere "people regularly congregate." *Siegel*.Br.21-23, 53; *Siegel*.Reply.20-21.

    As Justice Barrett, who joined both *Bruen* and *Rahimi* reiterated, "[a] court must be careful not to read a principle at such a high level of generality that it waters down the right." Op.4 (Barrett, J., concurring). The state's interpretation of *Rahimi* would do just that, by asking this Court to apply a "principle" so general that it would swallow the *Bruen* methodology.

    Respectfully submitted,

/s/ Erin E. Murphy
Erin E. Murphy
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8901
erin.murphy@clementmurphy.com

Counsel for *Siegel* Plaintiffs-Appellees/Cross-Appellants

cc:    All counsel of record (*via CM/ECF*)