

Cullen and Dykman LLP
Continental Plaza
433 Hackensack Avenue
Hackensack, NJ 07601
T: 201.488.1300
F: 201.488.6541

LEON J. SOKOL
PARTNER
lsokol@cullenllp.com

July 3, 2024

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> **Re:   Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1900, *Siegel v. Attorney General of New Jersey* and No. 23-2043, *Koons v. Attorney General of New Jersey*.**

Dear Ms. Dodszuweit:

This office (together with the firm of Kologi Simitz) represent Defendants-Intervenors-Appellees Senate President Nicholas P. Scutari and New Jersey General Assembly Speaker Craig J. Coughlin. Pursuant to FRAP 28(j), we submit this letter calling to the Court's attention the decision of the United States Supreme Court in *United States v. Rahimi*, 602 U.S. __, 2024 U.S. LEXIS 2714 (June 21 2024). We are aware that Appellants recently have filed a FRAP 28(j) letter in connection with the *Rahimi* decision (Document 138), and we join Appellants as to the reasons for citing the *Rahimi* decision to this Court. To the Appellants' reasons, we add the following additional reason.

In *Rahimi*, the Court clarified that its prior decision in *Bruen* had not meant to suggest "a law trapped in amber" but simply whether "the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id.*, at *16. Thus, the *Rahimi* decision clarified the proper "level of generality" that applies to *Bruen*'s "historical analogue" approach – a point echoed in *Rahimi*'s many concurring opinions.

For example, Justice Barrett observed, "Courts have struggled with this use of history in the wake of *Bruen*. One difficulty is a level of generality problem: Must the government produce a founding-era relative of the challenged regulation—if not a twin, a cousin? Or do

founding-era gun regulations yield concrete principles that mark the borders of the right?... **Here, though, the Court settles on just the right level of generality**…" *Id*. at *79, *81 (Barrett, J., concurring) (emphasis added). *See also id.,* at *86-*87 (whether *Bruen*'s test is satisfied in a particular case seems to depend on … the level of generality at which a court evaluates [historical] sources") (Jackson, J., concurring).

In contrast, the sole dissenting Justice in *Rahimi* expressed the view that only the narrowest level of generality was the proper standard to be applied when a court considers an historical analogue. *Id*. at *89 (Thomas, J. dissenting) (stating that "not a single historical regulation justifies the statute at issue."). Significantly, the dissenting view expressed by Justice Thomas was resoundingly rejected by eight Justices.

Thus, to the extent that *Bruen* 's historical analogue test left open the "level of generality" by which the test was to be applied, the Court's decision in *Rahimi* provided much needed clarification. The *Rahimi* majority held that "[a] challenged regulation" need only be "consistent with the **principles** that underpin our regulatory tradition." *Id.*, at *16 (emphasis added).

That higher "level of generality" is fully supportive of the State's and the Legislative Intervenors' positions with respect to the issues presented on this appeal, including but not limited to Chapter 131's sensitive-place provisions, insurance mandate and background check requirements. With respect to sensitive-place designations, it follows from *Rahimi* that the proper balance to be struck in applying the *Bruen* historical analogue standard are the principles underlying historical analogues that recognize as sensitive: (1) those locations in which core constitutional rights are exercised; (2) those locations in which vulnerable or incapacitated people gather; and (3) those locations in which there are a high population density and a high level of general police protection as long as those areas are reasonably compact.

We thank the Court for its kind consideration.

Respectfully submitted,

Cullen and Dykman LLP

By:/s/ *Leon J. Sokol*
   Leon J. Sokol

Patricia S. Dodszuweit, Clerk of Court.
July 3, 2024
 Page 3

                                        Kologi ◆ Simitz,
                                        Counsellors at Law

                                        By:*/s/ Edward J. Kologi*
                                                Edward J. Kologi

                                        Attorneys for Intervenors-Defendants-Appellees Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin

                                        cc: All counsel via ECF