

**State of New Jersey**

| | | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor*<br><br>TAHESHA L. WAY<br>*Lt. Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL<br>PO BOX 080<br>TRENTON, NJ 08625 | MATTHEW J. PLATKIN<br>*Attorney General*<br><br>JEREMY M. FEIGENBAUM<br>*Solicitor General* |

August 15, 2024

**VIA ECF**

Patricia S. Dodszuweit
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

    Re:    Update Letter, No. 23-1900 and No. 23-2043, *Siegel v. Attorney General of New Jersey*; *Koons v. Attorney General of New Jersey*.

Dear Ms. Dodszuweit:

    The Attorney General writes to update the Court on developments that affect one issue on appeal. The *Siegel* Appellants challenge N.J. Admin. Code §§ 7:25-5.23(a), (c), (f), and (m), which govern the types of weapons and ammunition that hunters can bring to hunt game, on the premise that this regulation prohibited carrying handguns for self-defense while hunting. But recently-enacted statutes and accompanying guidance from the Division of Fish and Wildlife now permit concealed carry of handguns while hunting. These aspects of Appellants' challenge are thus moot.

**Background**

    On January 16, 2024, the Governor signed into law an amendment to the state statutes governing possession and carry of firearms while hunting. *See* P.L. 2023, ch. 330, *codified at* N.J. Stat. Ann. §§ 23:4-44; 23:4-12; 23:4-13; and 23:4-24. The amendment modifies the prior restriction on possessing or carrying "any gun" while hunting to now bar only possessing or carrying



"any long gun" while hunting unless permitted by the Fish and Game code. The Legislature expressly noted that its intention was to allow concealed carry of a handgun with a valid permit. *See* Stmt., Assembly Jud. Committee, https://pub.njleg.state.nj.us/Bills/2022/A5500/5495_S1.PDF (Dec. 4, 2023) ("[The substitute incorporates into certain provisions of current law a prohibition against carrying a 'long gun' while hunting. Under the bill, the term 'long gun' is to include all forms of firearms except for handguns, which may be carried in accordance with Title 2C of the New Jersey Statutes."); *see generally* Bill A5495, https://www.njleg.state.nj.us/bill-search/2022/A5495.

This month, the Department of Environmental Protection's Fish & Wildlife Division published the 2024-25 New Jersey Hunting and Trapping Digest, which provides guidance to hunters in the state regarding applicable rules and regulations. *See* Revising Hunting & Fishing Regulations, N.J. Fish & Wildlife, https://dep.nj.gov/njfw/hunting/revising-hunting-and-fishing-regulations/. The Digest confirms that the amended statute permits carrying a handgun while hunting:

> P.L. 2023, c. 330, amending N.J.S.A. 23:4-12, 13, 24, and 44, authorizes the carrying of a handgun while hunting, if the handgun is legally owned and the person in possession has a valid NJ concealed carry permit. Handguns are still not legal for taking/ attempting to take wildlife. N.J.S.A. 2C:58-1 et seq. states that you must have your concealed carry permit on your person while carrying a handgun.

N.J. Hunting & Trapping Digest, at 23 https://dep.nj.gov/wp-content/uploads/njfw/digest-hunting-and-trapping-2024-2025-segment-18-25.pdf (Aug. 2024). Moreover, the Fish & Wildlife website now contains the following guidance to the public:

> A person who is carrying a handgun legally pursuant to Title 2C of the New Jersey Statutes may do so while hunting, provided that the handgun is not used to take wildlife.

N.J. Fish & Wildlife, https://dep.nj.gov/njfw/digests/hunting-and-trapping/ (last visited Aug. 15, 2024). In addition, the Division anticipates amendments to previous hunting regulations in light of P.L. 2023, ch. 330. Although regulations do not yet reflect the amended statute, "the statute prevails over the regulation." *L. Feriozzo Concrete Co. v. Casino Reinvestment Dev. Auth.*, 776 A.2d 254, 263 (N.J. App. Div. 2001).

In short, New Jersey law now allows individuals to concealed-carry a handgun while hunting.

**<u>Argument</u>**

The challenge to N.J. Admin. Code §§ 7:25-5.23(a), (c), (f), and (m) is now moot. "Article III mootness derives from the case-or-controversy requirement," *Lutter v. JNESO*, 86 F.4th 111, 129 (3d Cir. 2023), and must thus be evaluated before proceeding to the merits, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("Article III jurisdiction is always an antecedent question."). An appeal can be rendered moot "if events have taken place during the pendency of the appeal that make it impossible for the court to grant any effectual relief whatsoever." *Cnty. of Butler v. Gov. of Pa.*, 8 F.4th 226, 230 (3d Cir. 2021) (citation omitted). The doctrine of mootness "ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit." *Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) (citation omitted).

The *Siegel* Appellants' Second Amendment challenge to N.J. Admin. Code §§ 7:25-5.23(a), (c), (f), and (m)'s prohibitions on carrying handguns while hunting are moot.[1] These regulations reflected now-defunct versions of state laws that prohibited carrying any "gun" except those permitted in the Fish and Game Code. The amended statutes narrowed the prohibition as applying only to "long gun[s]." P.L. 2023, ch. 330. Thus, under the amended statutes, individuals with valid concealed-carry permits may carry handguns while hunting—the activity that the *Siegel* Appellants aver they wish to engage in. *See Siegel* Compl., JA302-03; 312. And the Fish and Wildlife Division likewise have confirmed that handgun carry is now permitted in its guidance to the hunting community and the public. *See supra* at 2.

The voluntary cessation exception to mootness does not apply. The above developments—codified in New Jersey law—make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Moreover, "the focus" of the voluntary cessation

---

[1] As the district court correctly found, Plaintiffs never had standing to challenge N.J. Admin. Code 7:25-5.23(i) in the first place because none alleged any intention to visit a state game refuge. *See* JA115; *see also* State Response & Reply Br. at 41.

doctrine "is on whether the defendant made that change unilaterally and so may 'return to [its] old ways' later on." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 307 (3d Cir. 2020) (emphasis added). The State Defendants (the Attorney General and the Superintendent of State Police) did not act unilaterally to make the statutory change; rather, the amendment was passed unanimously in the Assembly and nearly unanimously in the Senate, and was then signed into law by the Governor. It is exceptionally unlikely the prior regime barring the carrying of handguns while hunting will recur, given that returning to such a regime would require the Legislature to pass and the Governor to sign a law that would be the opposite of P.L. 2023, ch. 330—a law that nearly unanimously passed and was signed into law just this year.

The *Siegel* Appellants' challenge to N.J. Admin. Code 7:25-5.23(a), (c), (f), and (m) are rendered moot by P.L. 2023, ch. 330. This Court should affirm the district court's denial of a preliminary injunction as to those provisions for these jurisdictional reasons.

Respectfully yours,
MATTHEW J. PLATKIN
ATTORNEY GENERAL
OF NEW JERSEY

By: /s/ Angela Cai
Angela Cai
Deputy Solicitor General

cc: All counsel via ECF.