**Clement & Murphy**
PLLC

August 23, 2024

**VIA ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re: *Siegel v. Attorney General of New Jersey*; *Koons v. Attorney General of New Jersey* (Nos. 23-1900, 23-2043)

Dear Ms. Dodszuweit:

On August 15, 2024, the Attorney General filed a four-page letter advising this Court of a collection of eight-month-old amendments to the provisions of New Jersey law governing the possessing and carrying of firearms while hunting. *See* N.J. Pub. L. 2023, ch. 330, codified at N.J. Stat. Ann. §§23:4-44; 23:4-12; 23:4-13; 23:4-24. Those amendments are somewhat unusual, which perhaps explains the Attorney General's delay in bringing them to this Court's attention. As the Attorney General correctly explains, the amendments revise N.J. Stat. Ann. §23:4-44, which used to prohibit possessing or carrying "any gun" while hunting unless permitted by the Fish and Game Code, to now bar only possessing or carrying "any long gun." But the Attorney General neglects to mention that they also add to §23:4-44 a new definition of "long gun" that largely tracks the definition of "firearm" found in §2C:39-1 of New Jersey's criminal code:

> For purposes of this section "long gun" means any rifle, shotgun, machine gun, automatic or semi-automatic rifle, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectable ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances. It shall also include, without limitation, any firearm which is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person.

So while the prohibition itself now covers only "any long gun," the statute could be read to define "long gun" to include a handgun. The amendments to 23:4-12 and 23:4-24 likewise revise those provisions to cover only a "long gun," but add the same broad definition of "long gun." And the regulations implementing all of those provisions, N.J. Admin. Code 7:25-5.23(a), (c), (f), and (m), have not been revised since the amendments.

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

Patricia S. Dodszuweit
August 23, 2024
Page 2 of 2

      Nevertheless, consistent with the apparent intent of the Legislature, the Department of Environmental Protection's Fish & Wildlife Division has opined in published guidance that the amended statutes now allow individuals to carry a handgun while hunting in New Jersey. *See* N.J. Fish & Wildlife, *N.J. Hunting & Trapping Digest* 23 (Aug. 2024), https://dep.nj.gov/wp-content/uploads/njfw/digest-hunting-and-trapping-2024-2025-complete.pdf. The Fish & Wildlife website now informs that "[a] person who is carrying a handgun legally pursuant to Title 2C of the New Jersey Statutes may do so while hunting, provided that the handgun is not used to take wildlife." *New Jersey Hunting and Trapping Digest*, N.J. Fish & Wildlife (Aug. 14, 2024), https://dep.nj.gov/njfw/digests/hunting-and-trapping/. And the Attorney General has taken the position before this Court that New Jersey law now allows individuals to carry a handgun while hunting. *See* Aug. 15, 2024 Letter.

      To the extent this Court is satisfied that this is indeed the correct interpretation of New Jersey law as amended, Plaintiffs would agree that their challenge to the New Jersey hunting restrictions embodied in those statutes and N.J. Admin. Code 7:25-5.23(a), (c), (f), and (m) is now moot, as that would mean that New Jersey law now permits the conduct in which they would like to engage. But given the ambiguity created by the amendments' definition of "long gun," Plaintiffs cannot agree to drop their challenge to those provisions unless this Court is willing to memorialize that interpretation, and the Attorney General's commitment to abide by it, in its opinion resolving this appeal.

      The Attorney General also posits that this Court "should affirm the district court's denial of a preliminary injunction as to those provisions" on the ground that the challenge to them is moot. Letter 4. Assuming that the challenge is moot, affirmance would be improper. After all, if this appeal is indeed moot as to Plaintiffs' challenge to those provisions, then this Court lacks jurisdiction to issue any decision on the merits as to those provisions. The proper course thus would not be to affirm or reverse the denial of a permanent injunction as to those provisions, but to vacate the district court's holding as to them, dismiss that aspect of the appeal as moot, and remand with instructions for the district court to dismiss that aspect of the case. Having unilaterally mooted an issue on which it prevailed below (assuming, again, that the issue is actually moot), the Attorney General is not entitled to keep the benefit of a decision that Plaintiffs have been deprived of the ability to appeal. *See, e.g.*, *Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 232 (3d Cir. 2021); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).

      Respectfully submitted,

      s/Erin E. Murphy
      Erin E. Murphy

      *Counsel for Siegel Plaintiffs-Appellees/Cross-Appellants*

Cc:  All Counsel of Record

---