

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

September 10, 2024

**VIA ECF**
Patricia S. Dodszuweit
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

Re: FRAP 28(j) Letter, No. 23-1900 and No. 23-2043, *Siegel v. Attorney General of New Jersey*; *Koons v. Attorney General of New Jersey.*

Dear Ms. Dodszuweit:

In *Wolford v. Lopez*, --- F.4th ----, 2024 WL 4097462 (9th Cir. Sept. 6, 2024), the Ninth Circuit largely upheld place-based firearms restrictions that parallel New Jersey's laws. The Court held that challengers were unlikely to succeed on their Second Amendment challenges to prohibitions on firearms in many sensitive places, *see, e.g.*, *id.* at *13-15 (parks, beaches, athletic areas); *id.* at *16 (places that serve alcohol); *id.* at *17 ("casinos, stadiums, amusement parks, zoos, museums, and libraries"); and "on private property without the owner's oral or written consent," *id.* at *21-24.

The Ninth Circuit underscored key methodological points. It explained that "a small number of laws, even localized laws"—including from the era of the Fourteenth Amendment's ratification—can establish a "historical tradition of banning firearms at sensitive places," if their constitutionality "went undisputed in the courts in the Nation's early years" or faced challenges "that courts quickly rejected." *Id.* at *11-12. It found that proffered "historical regulations need not be a close match to the challenged law; they need only



evince a principle" within which the challenged law fits. *Id.* *12 (citing *Rahimi*). And it unequivocally held that the "lack of comprehensive government security is not a determinative factor." *Id.* at *12.

Finally, although the Ninth Circuit did conclude that some challenges to certain place-based restrictions were likely to succeed, it did so only "[o]n the … record" before the court "and for the purpose of preliminary relief," and with important caveats. *Id.* at *28. For example, while the Ninth Circuit doubted the constitutionality of an absolute ban on carry on public transportation, it noted that a law that limited carry to unloaded and secured firearms "almost certainly would be constitutional[]." *Id.* at *30. And while it doubted the constitutionality of a prohibition at medical facilities based on the particular record before it, it emphasized that a State may "manage its own property when it pursues its purely proprietary interests ... where analogous private conduct would be permitted." *Id.* at *28 (quoting *Bldg. & Constr. Trades Council v. Associated Builders & Contractors*, 507 U.S. 218, 231 (1993)).

       Respectfully submitted,

       MATTHEW J. PLATKIN
       ATTORNEY GENERAL OF NEW JERSEY

       By: /s/ Angela Cai
          Angela Cai
          Deputy Solicitor General

cc: All counsel (via ECF)

Word Count: 349