**Clement & Murphy**
PLLC

September 13, 2024

**Via CM/ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

    Re:    ***Siegel v. Attorney General of New Jersey***; ***Koons v. Attorney General of New Jersey*** **(Nos. 23-1900, 23-2043)**
28(j) Response to Letter Regarding *Wolford v. Lopez*, 2024 WL 4097462 (9th Cir. Sept. 6, 2024).

Dear Ms. Dodszuweit:

    The *Siegel* plaintiffs submit this response to the Attorney General's letter regarding the Ninth Circuit's recent decision in *Wolford*, which actually *rejected* many arguments pressed by the Attorney General here.  For example, the panel deemed it "unlikely" that there is a "tradition of regulating firearms at all places that contain a vulnerable population," like "children."  Op.*28; *contra* AG.Br.2, 5, 8, 13, 19-23, 31.  The panel held that banning firearms at "public gatherings" contravenes *Bruen*'s "admonition not to interpret the 'sensitive places' doctrine too broadly."  Op.*26; *contra* AG.Br.14-16.  The panel refused to infer a tradition of banning firearms at "medical facilities" from "a few post-Fourteenth-Amendment enactments."  Op.*28; *contra* AG.Br.22-23.  And the panel determined that historical laws targeting *non*-law-abiding citizens cannot "justify a complete ban on firearms" that covers law-abiding citizens too.  Op.*27; *contra* AG.Br.50.

    All that said, the *Wolford* panel did not exactly master Second Amendment law.  For instance, after recognizing that "[e]stablishments serving alcohol have existed since the Founding," and that the Founding generation "did not prohibit" ordinary citizens from carrying firearms at them, the panel nevertheless held that "bars and restaurants that sell alcohol are among the Nation's 'sensitive places' where firearms may be prohibited."  Op.*17.  The panel also divined a tradition of banning firearms at "places of amusement"—from libraries to zoos—based partly on a purported broader tradition of banning firearms in "crowded" areas, Op.*18, even though the Supreme Court has explicitly rejected the argument that a place is "sensitive" "simply because it is crowded," *NYSRPA, Inc. v. Bruen*, 597 U.S. 1, 31 (2022).  And the panel openly created a circuit split on whether states can

Ms. Patricia S. Dodszuweit
Clerk of Court
September 13, 2024
Page 2 of 2

presumptively prohibit firearms on private property, while conceding that it relied on historical laws that did not involve comparable burdens on the right of armed self-defense or comparable justifications, *see* Op.*23-*24—just what the Supreme Court has warned against, *see United States v. Rahimi*, 144 S.Ct. 1889, 1898 (2024).  Thus, while *Wolford* reaches some correct conclusions, *see, e.g.*, ¶1, *supra*, it does not supply consistently reliable guidance on Second Amendment law.  That is instead found in the *Siegel* plaintiffs' submissions.

        Respectfully submitted,

        /s/ Erin E. Murphy
        Erin E. Murphy
        CLEMENT & MURPHY PLLC
        706 Duke Street
        Alexandria, VA 22314
        (202) 742-8901
        erin.murphy@clementmurphy.com

        Counsel for *Siegel* Plaintiffs-Appellees/Cross-Appellants

cc:   All counsel of record (*via CM/ECF*)