

Cullen and Dykman LLP
Continental Plaza
433 Hackensack Avenue
Hackensack, NJ 07601
T: 201.488.1300
F: 201.488.6541

LEON J. SOKOL
PARTNER
lsokol@cullenllp.com

September 16, 2024

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

>    Re:   Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1900, *Siegel v. Attorney General of New Jersey* and No. 23-2043, *Koons v. Attorney General of New Jersey*

Dear Ms. Dodszuweit:

This office (together with the firm of Kologi Simitz) represent Defendants-Intervenors-Appellees Senate President Nicholas P. Scutari and New Jersey General Assembly Speaker Craig J. Coughlin ("the Presiding Officers"). Pursuant to FRAP 28(j), we submit this letter calling to the Court's attention the decision of the Ninth Circuit Court of Appeals in *Wolford v. Lopez*, __ F. 4th __, 2024 U.S. App. LEXIS 22698 (September 6, 2024). We are aware that the Appellants recently have filed a FRAP 28(j) letter in connection with the *Wolford* decision (Document 144), and we join Appellants as to the reasons for citing the *Wolford* decision to this Court. To the Appellants' reasons, we add the following additional reason.

In *Wolford*, the Ninth Circuit applied the *Bruen* doctrine as clarified by the Supreme Court's recent decision in *United States v. Rahimi*, 602 U.S. __, 2024 U.S. LEXIS 2714 (June 21 2024). The *Wolford* court observed:

>   The [Supreme] Court's analysis in *Bruen* misled some courts into imposing too rigid a test when considering historical sources. In *Rahimi*, the Court clarified that *Bruen* did not require stringent adherence to Founding-era laws, emphasizing that its "precedents were not meant to suggest a law trapped in amber." Instead of looking for a precise historical match, "the appropriate analysis involves

Patricia S. Dodszuweit, Clerk of Court.
September 16, 2024
Page 2

considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." [*Id.* at *33 (citing *Rahimi*)].

Thus, "even where historical analogues are not close matches to the challenged law, they may evince principles underpinning our Nation's regulatory tradition, and *it is sufficient for the government to show that its law is consistent with those principles*." *Id.* at *34 (emphasis added).

Applying the modified *Bruen/Rahimi* standard, the Ninth Circuit held that the plaintiffs in that case were unlikely to succeed on their Second Amendment challenges to prohibitions on firearms in many sensitive places, including: (1) parks: (2) beaches; (3) athletic areas; (4) places that serve alcohol; (4) casinos; (5) stadiums; (6) amusement parks; (7) zoos; (8) museums, (9) libraries; and (10) "private property without the owner's oral or written consent." *Id.* at *44 - *64, *70 - *75.

The Presiding Officers do not agree with the Ninth Circuit's application of the historical analogue standard to *every* type of sensitive place that was presented in the record in that case, such as (for example) medical facilities and public transportation. However, these applications of historical analogue theory are necessarily the product, in part, of the record that was before the Ninth Circuit – which differs from the record that is before this Court.

In any event, the import of the Ninth Circuit's decision in *Wolford* is that it constitutes the first post-*Rahimi* Circuit Court decision that applies the *Bruen* historical analogue standard at the higher level of generality that is plainly mandated by the *Rahimi* decision.  It is respectfully submitted that this higher level of generality properly should inform this Court's determination of this appeal.

We thank the Court for its kind consideration.

Respectfully submitted,

Cullen and Dykman LLP

By:/s/ *Leon J. Sokol*
　　Leon J. Sokol

Patricia S. Dodszuweit, Clerk of Court.
September 16, 2024
 Page 3

                    Kologi ◆ Simitz,
                    Counsellors at Law

By:*/s/ Edward J. Kologi*
    Edward J. Kologi

Attorneys for Intervenors-Defendants-Appellees Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin

cc: All counsel via ECF