June 26, 2026

**VIA ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street, Philadelphia, PA 19106-1790

> Re:  *Koons et al. v. Attorney General of New Jersey et al.*, No. 23-1900
> *Siegel et al. v. Attorney General of New Jersey et al.*, No. 23-2043

Dear Ms. Dodszuweit:

Plaintiffs-Appellants in *Siegel* respectfully bring to this Court's attention the Supreme Court's recent opinion in *United States v. Hemani*, No. 24-1234.

*Hemani* held that it violates the Second Amendment to imprison an individual and disarm him for life based on nothing more than his admission that he uses marijuana a few times a week. Op.1, 19. Although that holding is "narrow," Op.18, the Court's analysis is illuminating.

At the outset, *Hemani* clarifies that historical laws are not valid analogues for modern restrictions enacted in the name of public safety just because those historical laws promoted public safety in some general way too; a historical law must have been "focused on protecting the public" *in the same concrete sense* as the challenged restriction. Op.12. For instance, historical laws that primarily "protect[ed] habitual drunkards from themselves and their families from financial devastation" are not analogous in their "why" to modern laws that (according to the government) primarily protect the public from unusually dangerous individuals. Op.13-14. *Hemani* also clarifies that, in conducting the "how" inquiry, courts must compare "the way [historical] statutes worked" to "how [the challenged restriction] works today." Op.14-15. For instance, historical laws that afforded process before an individual was deprived of his Second Amendment rights are not analogous to modern laws that provide lesser (or no) process. Op.15.

Finally, *Hemani* confirms that courts cannot blindly accept the government's say-so about how or why a restriction on arms-bearing conduct operates. The government argued there that 18 U.S.C. §922(g)(3)'s unlawful-user prong "disarms individuals who are, as a 'category,' 'violen[t]' and 'unusually dangerous.'" Op.16 (alteration in original). But the Court rejected that characterization because, in practice, §922(g)(3) sweeps far more broadly. By the same token here, this Court cannot blindly accept New Jersey's claim that its sweeping restrictions on public carry that effectively limit the right to sidewalks and street corners protect public safety in the same way as historical restrictions targeting much narrower concerns like carrying arms to the terror of the people, bringing them to

places where core government functions are conducted, or firing indiscriminately at or out of trains.

Respectfully,

<u>s/Erin E. Murphy</u>
Erin E. Murphy

*Counsel for Aaron Siegel, Jason Cook, Joseph Deluca, Nicole Cuozzo, Timothy Varga, Christopher Stamos, Kim Henry, and Association of New Jersey Rifle & Pistol Club, Inc.*

Cc:  All Counsel of Record